UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLOMON ALFRED YARTEH,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

24-CV-8320 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently in custody at the Strafford County Department of Corrections in Dover, New Hampshire, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge his detention. For the following reasons, this petition is transferred to the United States District Court for the District of New Hampshire.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained at the Strafford County Department of Corrections, which is located in the District of New Hampshire. *See* 28 U.S.C. § 109 (the State of New Hampshire constitutes one judicial district). He is also a defendant in ongoing federal criminal proceedings in the United States District Court for the District of New Hampshire. *See United States v. Yarteh*, No. 21-CR-0108 (D.N.H.).[1] Petitioner alleges no facts suggesting that

---

[1] Petitioner labeled this Section 2241 petition with the number of his criminal case in the District of New Hampshire.

this Court is a proper venue this petition. Therefore, in the interest of justice, this Court transfers this petition to the District of New Hampshire. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Hampshire. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[2] This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 13, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

[2] Petitioner has not paid the $5.00 filing fee for a Section 2241 petition or submitted an application to proceed *in forma pauperis*.